# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| TRANSAMERICA CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. |
| vs. | **JURY TRIAL DEMANDED** |
| RETIRE ON TRACK, LLC, RETIREMENT CALCULATOR, INC. d/b/a LEAD GENERATION CONSULTING, RETIREMENT LEADS, and/or MICROSITE GENERATOR, and DAVID PHILLIPS, | |
| Defendants. | |

## COMPLAINT WITH JURY TRIAL DEMANDED

Plaintiff, Transamerica Corporation ("Plaintiff" or "Transamerica"), files this Complaint against Defendants Retire On Track, LLC, Retirement Calculator, Inc. d/b/a Lead Generation Consulting, Retirement Leads and/or Microsite Generator, and David Phillips (collectively, "Defendants"), for federal trademark infringement, false designation of origin, federal dilution, federal, common law, and state unfair competition, and violation of the Anticybersquatting Consumer Protection Act.

## PARTIES

1. Plaintiff, Transamerica Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 4333 Edgewood Road NE, Cedar Rapids, Iowa 52499.

2. Defendant, Retire On Track, LLC ("Retire On Track"), is a limited liability company organized and existing under the laws of the State of Michigan. Upon information and

belief, Retire On Track conducts business at the following addresses: 209 Nassau St., Suite # 104, Venice, Florida 34285 and 12351 Willoway Court, Plymouth, Michigan 48107. Retire On Track is the registrant for www.retireontrack.net, www.retireontrack.org, and www.retireontrack.com.

3. Defendant Retirement Calculator, Inc. d/b/a Lead Generation Consulting, Retirement Leads, and/or Microsite Generator ("Retirement Calculator") is a corporation organized and existing under the laws of the State of Michigan. Upon information and belief, Retirement Calculator conducts business at the following addresses: 209 Nassau St., Suite # 104, Venice, Florida 34285 and 39500 Orchard Hill Place, Ste 130, Novi, Michigan 48375. Retirement Calculator is the registrant organization for www.retireontrack.net, www.retireontrack.org, and www.retireontrack.com.

4. Defendant, David Phillips ("Phillips") is the sole owner and member of Retire On Track and, upon information and belief, sole owner and shareholder of Retirement Calculator, Inc. Phillips is personally engaged in, and helped facilitate the unlawful conduct described herein. Upon information and belief, Phillips resides in Michigan and regularly transacts business in Florida and within this District.

**JURISDICTION AND VENUE**

5. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 because Transamerica's claims for violation of the United States Trademark Act, Title 15 of the United States Code, arise under federal law and because diversity exists between the parties and the amount in controversy exceeds $75,000.00 exclusive of costs, fees, and interest. This Court

has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Transamerica's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

7. Defendants are subject to personal jurisdiction in this Court and in this District because, at least: (i) Defendants are engaged in substantial and not isolated activity within Florida and within this District; (ii) Defendants are operating, conducting, engaging in, and carrying on a business in Florida and maintain their offices in Florida; (iii) Defendants have committed, or aided, abetted, contributed to or participated in the commission of unfair competition, improper acts of unauthorized and unlicensed use of proprietary trademarks for which Transamerica is the owner, and other tortious acts that have led to foreseeable harm and injury to Transamerica in Florida and within this District; and (iv) Defendants have systematic and continuous contacts with Florida and within this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions alleged in this complaint occurred in this District.

9. Venue is proper in this Division under Local Rule 1.02(b)(4) and (c) because the county with the greatest nexus with this case is Sarasota County.

**FACTUAL BACKGROUND**

10. Transamerica develops, markets, and sells financial planning products and services, including without limitation, retirement planning services, investment management services, administration of retirement and pension plans, retirement planning and investment education services, information concerning retirement savings plans, retirement income, and financial preparedness for retirement, and interactive financial modeling technologies concerning retirement planning and retirement income strategies.

11. Since April 1, 1999, Transamerica has made continuous and exclusive use of the ONTRACK® mark in association with financial products and services, including without limitation, administration of employee benefit plans.

12. Transamerica owns United States registrations for ONTRACK (Class 36) (U.S. Registration No. 3531592), ONTRACK (Classes 16, 35, 36) (U.S. Registration No. 3656817)[1], and ONTRACK (Class 36) (U.S. Registration No. 4460127) for use in association with financial products and services. Copies of these Certificates of Registration are attached to this Complaint as Composite Exhibit A.

13. Transamerica owns United States registrations for RETIRETRACK (Class 36) (U.S. Registration Nos. 4298588 and 4597967), RETIRETRACK (Class 9) (U.S. Registration No. 4597965), and RETIRETRACK (Class 41) (U.S. Registration No. 4597968) for use in association with financial products and services. Copies of these Certificates of Registration are attached to this Complaint as Composite Exhibit A.

14. Transamerica owns United States registration for RETIRE ONTRACK (Class 36) (U.S. Registration No. 4506920), RETIREINCOMETRACK (Class 36) (U.S. Registration No. 4597973), GET ONTRACK (Class 36) (U.S. Registration No. 4818893), STAY ONTRACK (Class 36) (U.S. Registration No. 4818895), PLAN ONTRACK (Class 16) (U.S. Registration No. 4865648), PLAN ONTRACK (Class 35) (U.S. Registration No. 4865649), PLAN ONTRACK (Class 36) (U.S. Registration No. 4865650) for use in association with financial services. Copies of these Certificates of Registration are attached to this Complaint as Composite Exhibit A. Transamerica's ONTRACK, RETIRETRACK, RETIRE ONTRACK,

---

[1] Transamerica's U.S. Registration Nos. 3531592 and 3656817 for ONTRACK are incontestable.

RETIREINCOMETRACK, GET ONTRACK, STAY ONTRACK, and PLAN ONTRACK trademarks will collectively be referred to as the "Transamerica Marks".

15. Under Section 33 of the Lanham Act (15 U.S.C. § 1115), Transamerica's federal registrations create and constitute *prima facie* evidence that (a) Transamerica owns the Transamerica Marks, (b) the Transamerica Marks are valid, and (c) Transamerica has the exclusive right to use the Transamerica Marks in commerce for the financial products and services set forth in the Certificates of Registration.

16. Transamerica markets, promotes, and sells financial products and services under the Transamerica Marks in this District and throughout the United States.  As a result of Transamerica's long-term continuous and exclusive use of the Transamerica Marks, Transamerica has earned and has achieved widespread recognition for the Transamerica Marks in the financial services industry, which marks are inherently distinctive as they are used by Transamerica.

17. The Transamerica Marks have become an intrinsic and essential part of the valuable goodwill and property of Transamerica, who protects the Transamerica Marks.  The Transamerica Marks are well established and well known to customers and the trade as symbols identifying and distinguishing Transamerica's products and services, and signifying distinctive products and services of high quality.  Only Transamerica and its expressly authorized, affiliated agents are permitted to use the Transamerica Marks.  The Transamerica Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Transamerica.

18. Defendants are using RETIRE ON TRACK, RETIREONTRACK.COM, RETIREONTRACK.NET, RETIREONTRACK.ORG, and RETIREONTRACK.CO.UK

(collectively, the "Infringing Marks") in connection with financial products and services that are identical or nearly identical to the financial products and services provided by Transamerica under the Transamerica Marks, including products and services related to financial preparedness for retirement.

19. Transamerica's use of ONTRACK predates Defendants' use of their Infringing Marks.

20. Defendants do not have a license to use any of the Transamerica Marks.

21. Upon information and belief, in addition to providing identical or nearly identical financial products and services, Defendants offer and/or offered such products and services under their Infringing Marks in the financial services industry to the same class of customers, many of whom are likely to be familiar with, or actual purchasers of, the financial products and services provided by Transamerica under the Transamerica Marks.

22. Defendants' Infringing Marks are virtually identical to at least one of the Transamerica Marks, namely, Transamerica's registered ONTRACK and RETIRE ONTRACK marks.

23. Defendants' uses of the Infringing Marks are likely to cause confusion or reverse confusion to the same class of customers and users of Transamerica's financial services.

24. Defendants' RETIREONTRACK.COM, RETIREONTRACK.NET, RETIREONTRACK.ORG, and RETIREONTRACK.CO.UK domains (collectively, the "Infringing Domain Names") are also confusingly similar to the Transamerica Marks.

25. Upon information and belief, Defendants sought to register the Infringing Domain Names in bad faith in an effort to free ride on the reputation of the Transamerica Marks, and to misappropriate the goodwill associated with the Transamerica Marks.

26. On November 17, 2017, Defendant Retirement Calculator filed a U.S. trademark application for RETIREONTRACK.COM in Class 42 for "Software as a service (SAAS) services featuring software for providing free retirement information". A true and correct copy of the application is attached hereto as Exhibit B.

27. On December 6, 2017, Transamerica sent Defendants a letter requesting that they cease using "Retire On Track" and "On Track" in offering their retirement planning or other financial services. A true and correct copy of the letter is attached hereto as Exhibit C. Defendants refused to comply with Transamerica's request.

28. On March 5, 2018, the United States Patent and Trademark Office issued an Office Action regarding Retirement Calculator's RETIREONTRACK.COM trademark application. A true and correct copy of the Office Action is attached hereto as Exhibit D. As detailed in the Office Action, Retirement Calculator's application was refused because of a likelihood of confusion with several of the Transamerica Marks, namely, RETIREONCOMETRACK, RETIRETRACK, and RETIRE ONTRACK.

29. Defendants' use of their Infringing Marks to market, advertise, sell, and offer to sell their financial products and services is misleading, deceptive, and confusing to customers as to the origin, affiliation, sponsorship, or approval of such financial products and services.

30. Defendants' illegal actions were and continue to be willfully and intentionally undertaken in bad faith and with full knowledge of and willful disregard for the prior, long-established exclusive trademark rights of Transamerica, and the obligations and responsibilities of Defendants to the consuming public.

**FIRST COUNT**
**Federal Trademark Infringement**
**15 U.S.C. § 1114 [§ 32(1) of the Lanham Act]**

29. Transamerica incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

30. Defendants have caused, or are likely to cause, confusion (including reverse confusion), mistake, or deception as to the source of origin, sponsorship, or approval of Defendants' business in that consumers are likely to believe Transamerica authorizes, controls, sponsors, endorses and/or otherwise approves of Defendants' business or that Defendants are associated with or related to Transamerica.

31. Defendants' acts have injured or are likely to injure Transamerica's image, reputation, and goodwill in this District and elsewhere in the United States by creating consumer confusion and dissatisfaction, as well as a diminution of the value of the reputation and goodwill associated with the Transamerica Marks.

32. On information and belief, Defendants' acts constitute malicious and willful attempts to confuse consumers and to trade on Transamerica's well-earned reputation and goodwill established under the Transamerica Marks.

33. Defendants' use of certain federally-registered Transamerica Marks constitutes misappropriation of Transamerica's distinguishing and identifying federally-registered trademarks that were created as a result of significant effort and expense by Transamerica over a long period of time.

34. Defendants' use of certain federally-registered Transamerica Marks evokes an immediate, favorable impression or association and constitutes a false representation that Defendants' business has some connection, association or affiliation with Transamerica, and is

likely to mislead the trade and public into believing that Defendants' products and/or services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Transamerica.

35. Defendants, in committing the foregoing acts in commerce, have damaged, and will continue to damage, Transamerica and the reputation and goodwill of Transamerica, and have been unjustly enriched and will continue to unjustly enrich themselves at the expense of Transamerica.

36. Transamerica is without an adequate remedy at law to redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

37. Defendants' aforesaid acts constitute willful infringement of Transamerica's aforementioned federally registered trademarks in violation of 15 U.S.C. § 1114.

## SECOND COUNT
### Federal Common Law Trademark Infringement
### 15 U.S.C. § 1125 (a)(1)(A) [Section 43(a) of the Lanham Act]

38. Transamerica incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

39. Defendants have caused, or are likely to cause, confusion (including reverse confusion), mistake, or deception as to the source of origin, sponsorship, or approval of Defendants' business in that consumers are likely to believe Transamerica authorizes, controls, sponsors, endorses and/or otherwise approves of Defendants' business or that Defendants are associated with or related to Transamerica.

40. Defendants' acts have injured or are likely to injure Transamerica's image, reputation, and goodwill in this District and elsewhere in the United States by creating consumer

confusion and dissatisfaction, as well as a diminution of the value of the reputation and goodwill associated with the Transamerica Marks.

41. On information and belief, Defendants' acts constitute malicious and willful attempts to confuse consumers and to trade on Transamerica's well-earned reputation and goodwill established under the Transamerica Marks.

42. Defendants' acts constitute an infringement of Transamerica's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' acts greatly and irreparably damage Transamerica and will continue to damage Transamerica unless restrained by this Court, and thus Transamerica is without an adequate remedy at law. Accordingly, Transamerica will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

## THIRD COUNT
**Federal Common Law Unfair Competition and False Designation of Origin
15 U.S.C. § 1125 (a)(1)(A) [Section 43(a) of the Lanham Act]**

44. Transamerica incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

45. Defendants' willful imitation and use of certain Transamerica Marks in connection with the marketing, sale, and distribution of their services in the United States is likely to cause consumers to be misled, confused, or mistaken into believing that Defendants' products services are affiliated, connected, or associated with Transamerica, that Defendants' products and services originate with Transamerica, that Transamerica sponsors or approves of Defendants' products and services, or that Transamerica's products and services are affiliated, connected, or associated with Defendants or that Defendants sponsor or approve Transamerica's products and services.

46. As a result of Defendants' conduct, Transamerica has suffered or is likely to suffer diminution of the value of the Transamerica Marks.

47. Defendants' willful conduct constitutes unfair competition, as well as a false representation and a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants' acts greatly and irreparably damage Transamerica and will continue to damage Transamerica unless restrained by this Court, and thus Transamerica is without an adequate remedy at law. Accordingly, Transamerica is entitled to, *inter alia*, an order enjoining and restraining Defendants from using in commerce the Transamerica Marks and any other marks that are confusingly similar to the Transamerica Marks.

## FOURTH COUNT
### Violation of the Anti-Cybersquatting Consumer Protection Act
### 15 U.S.C. § 1125 (d) [Section 43(d) of the Lanham Act]

49. Transamerica incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

50. Defendants' Infringing Domain Names are confusingly similar to the distinctive Transamerica Marks.

51. The Infringing Domain Names are dilutive of the Transamerica Marks, which are famous and were famous at the time of registration of the Infringing Domain Names.

52. On information and belief, Defendants registered and have used the Infringing Domain Names with a bad faith intent to profit from the Transamerica Marks.

53. Defendants are liable to Transamerica for their violation of 15 U.S.C. § 1125(d). Accordingly, Transamerica is entitled to, *inter alia*, an order requiring Defendants to transfer the

Infringing Domain Names to Transamerica, statutory damages and/or actual damages and profits.

## FIFTH COUNT
### Trademark Dilution
### 15 U.S.C. § 1125(c) [Section 43(c) of the Lanham Act]

54. Transamerica incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

55. The Transamerica Marks have been used, advertised, and promoted extensively by Transamerica in connection with financial products and services.

56. Transamerica has spent considerable dollars in advertising and promoting the Transamerica Marks and has earned substantial dollars in connection with its business activities conducted in association with the Transamerica Marks.

57. The Transamerica Marks are truly prominent, well recognized, and renowned by consumers throughout Florida and the United States.

58. The Transamerica Marks are famous throughout Florida and the United States.

59. Defendants' use of their Infringing Marks in connection with financial products and services is likely to cause dilution to Transamerica's famous, federally registered Transamerica Marks, in violation of 15 U.S.C. § 1125(c).

60. Defendants' business practices tarnish the reputation of Transamerica and the Transamerica Marks.

61. Defendants were aware of the fame of the Transamerica Marks prior to adopting their Infringing Marks.

62. Defendants began using their Infringing Marks after the Transamerica Marks became famous.

63. Defendants have used their Infringing Marks in commerce and in advertising throughout the United States.

64. Defendants' use of the Transamerica Marks in the promotion of their business activities and efforts to market products and services has blurred the distinctive quality of Transamerica's famous Transamerica Marks.

65. By reason of Defendants' use of the Infringing Marks, Transamerica has been damaged.

66. Defendants' conduct have enabled them to earn profits to which they are not in law, equity or good-conscience entitled, and which have unjustly enriched them, all to Defendants' profit and Transamerica's detriment.

67. Defendants' use of their Infringing Marks that dilute the distinctive quality of the Transamerica Marks was willful.

68. Defendants' acts greatly and irreparably damage Transamerica and will continue to damage Transamerica unless restrained by this Court, and thus Transamerica is without an adequate remedy at law.

## SIXTH COUNT
### Common Law Unfair Competition

69. Transamerica incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

70. Defendants' conduct as detailed herein, including, but not limited to, their use of the Infringing Marks, constitutes unfair competition under the common law of the State of Florida.

71. Defendants' use of at least one of the Transamerica Marks in connection with the sale of infringing financial products and services has caused, and will further cause, a likelihood

of confusion, mistake and deception as to the source of origin of Defendants' products and services, and the relationship between Transamerica and Defendants. Thus, Defendants have also engaged in unfair competition with Transamerica in violation of the common law of the State of Florida by selling and/or offering, and promoting their products and services with the intention of trading upon the goodwill established by Transamerica and are thereby misappropriating the benefits of substantial effort and money expended by Transamerica in establishing its rights in and to the Transamerica Marks.

72. Defendants' actions were done in bad faith; they were intentional, malicious, and willful, and have caused substantial harm to Transamerica.

73. Transamerica is entitled to appropriate relief, including injunctive relief.

## SEVENTH COUNT
### Unfair Competition Under Florida Statute § 501.204

74. Transamerica incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

75. Defendants' conduct as detailed herein, including, but not limited to, their use of the Infringing Marks, constitutes unfair competition under Florida Statute § 501.204.

76. Defendants' use of at least one of the Transamerica Marks in connection with the sale of infringing financial products and services has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of Defendants' products and services, and the relationship between Transamerica and Defendants. Thus, Defendants have also engaged in unfair competition with Transamerica in violation of Florida Statute § 501.204 by selling and/or offering, and promoting their products and services with the intention of trading upon the goodwill established by Transamerica and are thereby misappropriating the benefits of

substantial effort and money expended by Transamerica in establishing its rights in and to the Transamerica Marks.

77. Defendants have no such privilege or right to use the Transamerica Marks.

78. Defendants' conduct has caused and continues to cause Transamerica to suffer irreparable injury, loss of reputation, and exemplary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Transamerica further immediate and irreparable damage.

## **DEMAND FOR JURY TRIAL**

Transamerica demand a trial by jury on all triable issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Transamerica Corporation, respectfully requests that this Court enter final judgment and permanent injunctive relief in favor of Plaintiff and against Defendants, as follows:

1. Defendants, including their members, officers, directors, shareholders, agents, servants, employees, attorneys, successors, subsidiaries, related companies and assigns, and all those in concert or participation with any of the Defendants, be enjoined and restrained from:

    (a) Infringing Plaintiff's Transamerica Marks;

    (b) Engaging in the marketing, distribution, advertising, promotion, sale, or offer for sale of Defendants' products or services under the Infringing Marks (or any other marks that are likely to cause confusion with or dilute the Transamerica Marks);

    (c) Doing any other act or thing likely to cause confusion among consumers regarding whether Defendants' products or services are in any way affiliated, connected, or associated with Transamerica or its products or services;

    (d)  Unfairly competing with Transamerica in any manner whatsoever; and

    (e)  Causing a likelihood of confusion with respect to the Transamerica Marks.

  2.  Defendants be ordered to account for, recall from any and all channels of distribution, and deliver up to Transamerica, for impoundment during pendency of this action and for destruction thereafter, all materials infringing upon the Transamerica Marks, including all advertisements, brochures, and web-based materials containing the Infringing Marks (or any other marks that are likely to cause confusion with or dilute the Transamerica Marks).

  3.  Plaintiff be awarded its compensatory, consequential, statutory and special damages including, without limitation, its lost profits, Defendants' profits, loss of goodwill and damage to its reputation, corrective advertising damages, as well as exemplary damages, together with pre and post judgment interest, as provided by law;

  4.  Plaintiff be awarded its reasonable attorneys' fees and costs associated with this action; and

  5.  Transamerica be granted such other and further relief as this Court deems just and proper.

  Respectfully submitted this 11th day of May, 2018.

                /s/ *Eleanor M. Yost*_____
                Eleanor M. Yost (FBN: 1003178)
                Email: eyost@carltonfields.com
                **CARLTON FIELDS JORDEN BURT, P.A.**
                4221 W. Boy Scout Boulevard, Suite 1000
                Tampa, FL  33607
                Tel: 813-223-7000
                Fax: 813-229-4133

                Gail E. Podolsky
                Georgia Bar No. 142021
                Email: gpodolsky@carltonfields.com
                *To be admitted pro hac vice*

**CARLTON FIELDS JORDEN BURT, P.A.**
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-2714
Fax: (404) 815-3415

*Attorneys for Transamerica Corporation*